UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY BURKE,

      Plaintiff,

v.                                                  22-CV-34 (JLS) (LGF)

LOUIS DEJOY, Postmaster General, United
States Postal Service,

      Defendant.
_____

## DECISION AND ORDER

Plaintiff Mary Burke commenced this action against Defendant Louis Dejoy, alleging employment discrimination claims. *See* Dkt. 1. Defendant answered. Dkt. 5. On March 14, 2024, Defendant moved for summary judgment. *See* Dkt. 33. Plaintiff filed a response (Dkt. 40), and Defendant replied. Dkt. 42.

On February 6, 2025, Judge Foschio[1] issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion for summary judgment, as to Plaintiff's *quid pro quo* sexual harassment and retaliation claims, and deny the motion, as to Plaintiff's hostile work environment claim. *See* Dkt. 43,

---

[1] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 6.

at 51.[2] Plaintiff objected to dismissing the retaliation claim. *See* Dkt. 45, at 2. Defendant responded. Dkt. 47.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R, the objections briefing, and relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommendation.

Plaintiff correctly argues that *Hicks* sets forth the proper standard for retaliation claims. *See Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010). Under *Hicks*, in determining whether an event is an "adverse action," the proper inquiry is whether "the employer's actions [were] harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 169 (citation omitted). But, even under this standard, the Court agrees with Judge Foschio that Plaintiff failed to establish that she suffered an adverse action. *See* Dkt. 43, at 50.

Judge Foschio lists five potential adverse events that could support Plaintiff's retaliation claim, including: (1) denial of Plaintiff's bid for the T6 utility hold down in April 2021 (Thirteenth Administrative Claim); (2) being sent home on emergency

---

[2] The page numbers cited represent the CM/ECF pagination.

placement on April 17, 2021 (Fourteenth Administrative Claim); (3) being formally written up on April 23, 2021, for falsely being accused of spreading rumors (Fifteenth Administrative Claim); (4) being threatened to be transferred to the Hiler station in November 2020 (Seventh Administrative Claim), and (5) actually being transferred to the Central Park station on May 11, 2021 (Sixteenth Administrative Claim). *See id.* at 47.

As to the Fourteenth and Fifteenth Administrative Claims, Judge Foschio correctly concludes that these are not adverse events because Plaintiff's employer was enforcing its preexisting disciplinary policies in a reasonable manner. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014); *see also* Dkt. 43, at 50. And Plaintiff's Thirteenth Administrative Claim is not an adverse action because Plaintiff admitted she would have won the bid if she had more seniority over her fellow mail carrier. *See* Dkt. 33-2, at 191–92. In other words, these actions were not harmful to the point that they could dissuade a reasonable worker from making or supporting a charge of discrimination. *See Hicks*, 593 F.3d at 169.

Next, as to the Seventh and Sixteenth Administrative Claims, these are not adverse actions under *Hicks* because Plaintiff admitted that she was subject to being transferred to another postal station at any time. Dkt. 33-2, at 198, 239. And the transfer did not result in a change in job responsibilities or a demotion. *See Sosa v. New York City Dep't of Educ.*, 819 F. App'x 30, 34 (2d Cir. 2020) (summary order) ("the transfer . . . did not qualify as an adverse employment action because a

3

lateral transfer without any evidence that [the plaintiff] was demoted, received decreased benefits, worse job duties, or anything else that affected [her] employment is insufficient") (internal quotation marks and citations omitted); *see also Torres v. New York City Dep't of Educ.*, No. 18-CV-2156 (NGG) (RER), 2019 WL 2124891, at *5–6 (E.D.N.Y. May 15, 2019).

Lastly, the additional examples Plaintiff cites to (*see* Dkt. 45, at 4–6) are "trivial harms" that are not materially adverse unless they "take on greater significance when . . . viewed as part of a larger course of conduct[,]" which Plaintiff has failed to show here. *Rivera*, 743 F.3d at 25; *Hicks*, 593 F.3d at 165 ("Title VII does not set forth a general civility code for the American workplace . . . [t]he antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.") (internal quotation marks and citation omitted). Thus, Plaintiff has failed to establish an adverse employment action.

For the reasons stated above, and in the R&R, this Court GRANTS Defendant's [33] motion for summary judgment, in part, and DENIES the motion in part. Thus, the Complaint should be dismissed as to Plaintiff's *quid pro quo* sexual harassment and retaliation claims, and the action should continue as to Plaintiff's hostile work environment claim.

SO ORDERED.

Dated:   May 22, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE